**FIRST LINCOLN HOLDINGS, INC., Plaintiff–Appellant,**

v.

**The EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant–Appellee.**

**Docket No. 01–9373.**

United States Court of Appeals, Second Circuit.

Aug. 29, 2002.

Robert S. Fink, Kostelanetz & Fink LLP, New York, NY, for appellant.

Sidney Rosdeitcher, Paul, Weiss, Rifkind, Wharton & Garrison, New York, NY, for appellee.

PRESENT: LEVAL, CALABRESI, and POOLER, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Plaintiff First Lincoln Holdings, Inc. ("First Lincoln") appeals from an order of the district court (Owen, *J.*) denying its motion for a preliminary injunction and granting defendant's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

First Lincoln's complaint alleged breach of contract, common law fraud and violations of the federal securities law, growing out of a decision by defendant The Equitable Life Assurance Society of the United States ("Equitable") to terminate First Lincoln's ability to execute trades by telephone, fax or other electronic means on its account in defendant's "Accumulator Select" annuity fund ("fund"). Plaintiff claimed that by restricting its trading in that manner, defendant effectively prevented First Lincoln from engaging in its preferred investment strategy, a form of arbitrage known as "market timing."

After filing its complaint, First Lincoln sought a preliminary injunction. Equitable cross-moved for dismissal on the grounds that it unambiguously retained the right to regulate plaintiff's trading activities in this manner. It relied on language in the annuity contract investing it

with authority to subject all trades to its own rules, a full paragraph in the fund prospectus forbidding investors in the fund from utilizing market timing, and a letter to First Lincoln President Martin Oliner from Equitable Assistant Vice President Alfred Akbar, sent to Oliner with the annuity contract, noting that plaintiff's application included a reference to its desire to engage in market timing, and drawing plaintiff's attention to the language in the prospectus explicitly forbidding the practice.

Finding plaintiff had an adequate remedy at law, and that it therefore could not show it would be irreparably harmed, the district court denied First Lincoln's motion for a preliminary injunction. The district court proceeded to grant defendant's motion to dismiss for failure to state a claim. As to plaintiff's breach of contract claim, the district court held that the annuity contract unambiguously reserved to Equitable the right to regulate the trading activity of investors in the fund, and that consultation of parol evidence was therefore forbidden. The district court went on to observe that First Lincoln's fraud claims were "entirely without merit"; in the face of clear writings to the contrary, plaintiff could not have reasonably relied on oral assurances by Equitable agents that it would be permitted to engage in market timing.

We agree with the district court that the annuity contract unambiguously grants Equitable the right to determine the terms on which investors in the fund may trade on their accounts, and that plaintiff's contract claim was therefore properly dismissed. Nor can plaintiff rely on its contention that Equitable agents assured it that it could engage in market timing or on indications of its intent to do so in its application materials. The fund application clearly states that "no agent has the

authority to make or modify any Certificate/Contract on behalf of Equitable Life, or to waive or alter any of Equitable Life's rights and regulations." Furthermore, the prospectus made abundantly clear that market timing is forbidden, and the Akbar letter explicitly rejected the suggestion in plaintiff's application that it intended to engage in market timing. Plaintiff could not rely on parol to vary the express terms of the written contract.

We also agree with the district court that plaintiff's fraud claims were properly dismissed, because a sophisticated investor could not have reasonably relied on the alleged fraudulent representation of Equitable agents directly contradicted by Equitable's documents. We have noted "[t]he general rule ... that *reasonable* reliance must be proved as an element of a securities fraud claim." *Harsco Corp. v. Segui*, 91 F.3d 337, 342 (2d. Cir.1996) (emphasis added). *See Azrielli v. Cohen Law Offices*, 21 F.3d 512, 517 (2d Cir.1994) (Rule 10b–5 "makes unlawful any misrepresentation that would cause reasonable investors to rely thereon") (internal quotation marks omitted). *See also Rich v. Maidstone Financial, Inc.*, No. 98 Civ. 2569, 2001 WL 286757 at *11 (S.D.N.Y. Mar.23, 2001) (justifiable reliance an element of New York common law fraud).